IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CT-3173-D

| | | |
|---|---|---|
| MATTHEW JAMES GRIFFIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| NADINE J. BRYANT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On June 30, 2017, Matthew James Griffin ("Griffin" or "plaintiff") filed a complaint, alleging claims under 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq., and the Rehabilitation Act, 29 U.S.C. § 794 [D.E. 1]. Griffin also asserts state law claims. On November 21, 2018, Magistrate Judge Numbers issued a Memorandum and Recommendation ("M&R") [D.E. 10], recommended denying Griffin's motion for a temporary restraining order or preliminary injunction ("TRO motion") [D.E. 9], and directing the clerk of court to continue managing Griffin's claims. On January 11, 2019, Griffin objected to the M&R [D.E. 22].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The court has considered Griffin's motion for a TRO or preliminary injunction under the governing standard. See Fed. R. Civ. P. 65; Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, 559 U.S. 1089 (2010), reissued in relevant part, 607 F.3d 355 (4th Cir. 2010) (per curiam); U.S. Dep't of Labor v. Wolf Run Mining Co., 452 F.3d 275, 281 n.1 (4th Cir. 2006). The court denies the motion as meritless.

Griffin also filed three motions seeking voluntary dismissal of his claims for monetary damages under the ADA and his state law claims. See [D.E. 11, 12, 13]. A plaintiff may voluntarily dismiss an action without order of the court by filing a notice of dismissal at any time before service by the adverse party of an answer or a motion for summary judgment. See Fed. R. Civ. P. 41(a)(1). Otherwise an action shall not be dismissed on the plaintiff's request except upon an order of the court. See Fed. R. Civ. P. 41(a)(2). Defendants have not been served or filed any responsive pleadings. Accordingly, the court grants Griffin's motions for voluntary dismissal pursuant to Rule 41(a)(1) [D.E. 11, 12, 13], and dismisses Griffin's claims for monetary damages under the ADA and state law claims.

On December 26, 2018, Griffin moved for appointment of counsel [D.E. 16]. No right to counsel exists in civil cases absent "exceptional circumstances." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Court, 490 U.S. 296 (1989); see Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances "hinges on [the] characteristics of the claim and the litigant." Whisenant, 739 F.2d at 163. The facts of this case and Griffin's abilities do not present exceptional circumstances. Nonetheless, the court grants in part Griffin's motion for appointment of counsel and appoints North Carolina Prisoner Legal Services, Inc. ("NCPLS"), to assist Griffin with conducting discovery after

defendants have been served with the complaint and the court has issued a scheduling order providing for a period of discovery. See Standing Order 17-SO-03.

On January 22, 2019, Griffin moved for an order requiring the clerk of court "to retain the paper of copy of document 19" [D.E. 22], and argues that the clerk improperly scanned this filing, rendering it illegible. The court has reviewed the docket and disagrees. Accordingly, the court denies the motion [D.E. 22].

In sum, the court ADOPTS the conclusions in the M&R [D.E. 10] and DENIES Griffin's TRO motion [D.E. 9]. The court GRANTS Griffin's motions for voluntary dismissal [D.E. 11, 12, 13] and DISMISSES without prejudice Griffin's claims for monetary damages under the ADA and his state law claims without prejudice. The court also GRANTS IN PART Griffin's motion for appointment of counsel [D.E. 16], and the court appoints North Carolina Prisoner Legal Services, Inc. ("NCPLS") to assist Griffin with discovery. The court DENIES Griffin's request that the court retain a paper copy [D.E. 22]. Griffin may proceed with his remaining claims. The clerk of court is DIRECTED to proceed in accordance with standing order 14-SO-02 which governs service of process in state prisoner civil rights cases. If necessary, the court DIRECTS the United States Marshal Service to make service pursuant to 28 U.S.C. § 1915(d). The clerk of court is DIRECTED to proceed in accordance with standing order 17-SO-03 governing appointment of NCPLS to assist in discovery.

SO ORDERED. This 8 day of April 2019.

JAMES C. DEVER III
United States District Judge