IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-CT-3173-M

MATTHEW JAMES GRIFFIN, )
)
Plaintiff, )
)
v. ) ORDER
)
NADINE J. BRYANT, at al., )
)
Defendants. )

Plaintiff, a state inmate proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. This action is before the court on remand by the United States Court of Appeals for the Fourth Circuit [D.E. 52]. Also before the court are plaintiff's motions "to enter [proposed] order (doc. 126) as prevailing party" [D.E. 164], for leave to file late reply [D.E. 168], to appoint counsel [D.E. 175], to vacate 128 order [D.E. 176], to compel discovery [D.E. 179], and to withdraw defendants' response [D.E. 185]. Defendant M.A. Kahn ("Kahn") filed a motion for discovery stay or for extension to respond [D.E. 171]. Additionally, a motion to deem response timely [D.E. 183] filed by defendants Matthew James Bossie ("Bossie"), Nadine J. Bryant ("Bryant"), Arlene Burgess Toodle ("Toodle"), and Byron Scott Carter ("Carter").

A.  Remanded Proceedings

In relevant part, the Fourth Circuit held that the court erred in granting summary judgment on the basis that plaintiff failed to exhaust his administrative remedies. Griffin v. Bryant, 56 F.4th 328, 330 (4th Cir. 2022). Specifically, the Fourth Circuit noted disputed issues of material fact existed regarding "how North Carolina's prison grievance procedure functions and is

administered, including whether [plaintiff] failed to exhaust administrative remedies of his own accord and whether such remedies were meaningfully 'available' to him." Id. The Fourth Circuit vacated the court's March 29, 2021, order and remanded for further proceedings, including discovery and development of the record. Id. at 339. Accordingly, the court will refer this action to the magistrate judge for entrance of a scheduling order to include a period of discovery and deadlines to file renewed motions for summary judgment.

B. Motion to Appoint Counsel [D.E. 175]

Plaintiff contends he is visually impaired and requires the assistance of counsel in this matter. (Pl. Mot. Appoint Counsel [D.E. 175] at 1–2). There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264, 265 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him."). Here, plaintiff has demonstrated the ability to adequately litigate this case where he brought this action on his own behalf and filed motions and responses to defendants' filings. See Neamo v. Clarke, No. 7:23-cv-00109, 2024 WL 922995, at *1 (W.D. Va. Mar. 4, 2024) (denying motion on basis of plaintiff's demonstrated abilities). Plaintiff has failed to

2

demonstrate that exceptional circumstances justify appointment of counsel. Accordingly, the motion to appoint counsel is denied.

C. Motions to Enter [Proposed] Order (Doc. 126) as Prevailing Party [D.E. 164] and for Leave to File Reply [D.E. 168]

As a starting matter, the court grants plaintiff's motion for leave to file reply and considers the reply in addressing plaintiff's motion to enter the proposed order. See Local Civ. R. 7.1(g)(1). Plaintiff seeks to have the court enter the proposed order plaintiff submitted to the court denying defendants motions for summary judgment and finding in favor of plaintiff. (Pl. Mot. to Enter Proposed Ord. [D.E. 164] at 1–2; Pl. Proposed Ord. [D.E. 126]). Defendants oppose the motion and request that a case management order be entered. (Def. Resp. [D.E. 165, 166]). Plaintiff replies arguing that discovery is not required in this case because the Fourth Circuit made specific factual findings determining grievance procedures were "unavailable" to plaintiff. (Pl. Reply [D.E. 169] 1–2). Where, as noted by the Fourth Circuit, further discovery is required in this case, plaintiff's motion is denied at this time.

D. Motion for Discovery Stay or for Extension to Respond [D.E. 171]

Defendant Kahn requests a stay or an extension of time to respond to plaintiff's discovery requests because a scheduling order addressing a period of discovery has not yet been entered. (Def. Mot. for Stay [D.E. 171] at 4). Plaintiff has served requests for admission and sent letters regarding conditions under which depositions may be taken. (Id.). Plaintiff opposed defendant Kahn's motion on the basis that "initial scheduling is not required" because he is an inmate. (Pl. Resp. [D.E. 174] at 2). Plaintiff is mistaken. All parties are required to conduct discovery in accordance with a court's scheduling order. Local Civ. R. 26.1(b). Accordingly, defendant Kahn's motion to stay discovery or for extension is granted.

3

E.   Motions to Compel [D.E. 179], to Deem Response Timely Filed [D.E. 183], and to Withdraw Defendants' Response [D.E. 185]

The court first addresses the motion to deem defendants' response to the motion to compel timely. Defendants Bossie, Burgess, Carter, and Bryant assert that, because plaintiff's motion to compel only addressed discovery requests as to defendant Kahn, it was not clear whether they needed to respond. (Def. Mot. Deem Timely [D.E. 183] ¶¶ 14–19). Further, their response was filed only 30 minutes late. (Id. ¶ 21). Plaintiff appears to have filed the motion to withdraw defendants' response in opposition. (See Pl. Mot. Withdraw [D.E. 185] at 1–2). Plaintiff seeks withdrawal of the motion on the basis that discovery has been ongoing in the case and cites to certificates of service pertaining to discovery requests. (Id. at 2–3). Plaintiff is incorrect that discovery is ongoing in this matter. While plaintiff may have served discovery requests on defendants, no scheduling order has been entered providing for a period of discovery. Accordingly, plaintiff's motion to withdraw is denied. For good cause shown, defendants' motion to deem their response timely is granted where the court finds there is excusable neglect, they acted diligently, and plaintiff is not prejudiced. Fed. R. Civ. P. 6(b).

Plaintiff's motion to compel seeks to compel discovery responses pursuant to Federal Rule of Civil Procedure 37. (Pl. Mot. Compel [D.E. 179] at 1). As noted, a scheduling order providing a period of discovery has not been entered in this case, and plaintiff's motion to compel is denied as premature.

F.   Motion to Vacate 128 Order [D.E. 176]

Plaintiff requests that the court's March 29, 2021, order granting defendants' summary judgment motions be vacated. (Pl. Mot. Vacate [D.E. 176] at 1). Plaintiff further requests the court to reconsider its rulings on plaintiff's motions for leave to amend complaint [D.E. 82], to

strike defendants' motions to dismiss for failure to state a claim [D.E. 92], for order requiring personal service [D.E. 99], for extension of time to serve the re-issued summons of defendants Bryant and Patricia M. Mannion ("Mannion") [D.E. 105], for entry of default as to defendant Bryant [D.E. 111], and for subpoena duces tecum [D.E. 112]. The motions at docket entries 82, 92, 99, 105, 111, and 112 were all denied in the court's March 29, 2021, order. (Mar. 29, 2021, Ord. [D.E. 128] at 16).

To the extent plaintiff seeks vacatur of the court's March 29, 2021, order granting summary judgment, the Fourth Circuit has already vacated the order. Thus, such a request it moot.

Because the vacated order denied the above motions, the court will readdress the motions. Respondent does not oppose plaintiff's motion to amend. Accordingly, the court will grant plaintiff's motion to amend the complaint [D.E. 82]. Plaintiff's motion to strike defendants' motions to dismiss [D.E. 92], which were converted into motions for summary judgment, is denied as moot where the order granting summary judgment was vacated, and the parties will be given an opportunity to file renewed dispositive motions. The motion for entry of default is denied where defendant Bryant did not fail to plead or otherwise defend. See Fed. R. Civ. P. 55(a); (Bryant's Answer [D.E. 110]). Where a scheduling order providing for a period of discovery has yet to be entered, plaintiff's motion for subpoena duces tecum [D.E. 112] is denied as premature.

Plaintiff's motions for order requiring personal service [D.E. 99], for extension of time to serve the re-issued summons of defendants Bryant and Mannion [D.E. 105] are denied as to defendant Bryant because she has already been served and appeared in this action. As to Mannion, out of an abundance of caution, the court will grant plaintiff's motion for extension of time to serve Mannion and for personal service. The court has previously granted extensions and motions for

5

personal service on defendant Mannion. (See Dec. 2, 2019, Ord. [D.E. 75] at 3, 5). However, plaintiff appears to provide a previously unknown address for Mannion. (Pl. Mot. Personal Service [D.E. 99] at 2). Accordingly, the court will order the United States Marshal Service to attempt to make personal service on Mannion one last time. Plaintiff is warned any requests for additional time to serve must show good cause. See Fed. R. Civ. P. 4(m); LHF Prods., Inc. v. Does, No. 3:16CV284, 2016 WL 7423094, at *6 (E.D. Va. Dec. 22, 2016).

Accordingly, plaintiff's motion to vacate is granted in part and denied in part.

## CONCLUSION

For the reasons discussed above, the court REFERS the case to Magistrate Judge Robert B. Jones, Jr., for entrance of a scheduling order to include a period of discovery and deadline for renewed motions for summary judgment. Plaintiff is warned that the John Doe defendants will be dismissed from the action without prejudice if plaintiff fails to identify them by the close of discovery. See Schiff v. Kennedy, 691 F.2d 196, 198 (4th Cir. 1982) Chidi Njoku v. Unknown Special Unit Staff, 217 F.3d 840 (Table), 2000 WL 903896, at *1 (4th Cir. July 7, 2000).

Plaintiff's motions "to enter [proposed] order (doc. 126) as prevailing party" [D.E. 164], to appoint counsel [D.E. 175], to compel discovery [D.E. 179], and to withdraw defendants' response [D.E. 185] are DENIED. Plaintiff's motion for leave to file late reply [D.E. 168] is GRANTED, and motion to vacate 128 order [D.E. 176] is GRANTED IN PART AND DENIED IN PART as provided above. The court DIRECTS the United States Marshal Service to attempt to make personal service on defendant Patricia M. Mannion.

Defendants' motions for discovery stay or for extension to respond [D.E. 171] and to deem response timely [D.E. 183] are GRANTED. All discovery is STAYED and shall not commence

6

until a scheduling order providing for the period of discovery has been entered. Defendant Kahn is granted a 30-day extension to commence at the start of the discovery period to answer or otherwise respond to plaintiff's request for admission.

SO ORDERED, this the 28th day of March, 2024.

*Richard E Myers II*
RICHARD E. MYERS, II
Chief United States District Judge